**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                          :      Chapter 13
In re:                                                    :
                                                          :      Case No. 14-36831 (CGM)
         John Merrick Egan and Eileen D Egan,             :
                                                          :
                                        Debtor.           :
                                                          :
-------------------------------------------------------------X


**MEMORANDUM DECISION DENYING MOTION TO ALLOW LATE FILED CLAIM**


**A P P E A R A N C E S :**


Clarfield, Okon, Salomone, & Pincus, P.L.
425 RXR Plaza
Uniondale, New York 11556
*Attorneys for Ocwen Loan Servicing, LLC*
         By:     Dennis A. Amore, Esq.

Jeffrey L. Sapir
As Chapter 13 and 12 Trustee
399 Knollwood Road
Suite 102
White Plains, NY 10603
         By:     Jeffrey L. Sapir, Esq.

Garvey Tirelli & Cushner, Ltd.
Westchester Financial Center
50 Main Street
Suite 390
White Plains, NY 10606
*Attorneys for the Debtors*
         By:     Linda M. Tirelli, Esq.

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Ocwen seeks allowance of its late filed claim.  As late claims are not allowed in chapter 13 and Ocwen has not met its burden of establishing that its objection to confirmation should be treated as an informal proof of claim, the Court denies Ocwen's request.

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012.  This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate).

## Background

Debtor filed for chapter 13 relief on September 8, 2014.  Vol. Pet., ECF No. 1.  The last date to object to confirmation was November 10, 2014 and the last date to file proofs of claim was December 30, 2014.  341 Ntc., ECF No. 7.  On September 29, 2014, Ocwen, as servicer of Deutsche Bank, filed an objection to confirmation.  Obj., ECF No. 14.  On January 6, 2015, Debtor filed a proof of claim on behalf of Ocwen in the amount of $1.  Claim No. 5.  On January 12, 2015, Ocwen filed a proof of claim in the amount of $134,416.38.  Claim No. 6 (filed by Deutsche Bank National Trust Company c/o Ocwen Loan Servicing, LLC).

On January 26, 2015, Ocwen filed a motion to allow its late filed claim.  Mot., ECF No. 25.  Ocwen argues that its objection to confirmation should be considered an informal proof of claim and that its claim is not late under an excusable neglect analysis.  *Id.* ¶¶ 7, 10.

The chapter 13 trustee filed opposition to the motion.  Opp., ECF No. 30.  He argues that the excusable neglect standard does not apply in a chapter 13 case.  *Id.* ¶ 3.  He argues that Ocwen cannot modify a proof of claim filed by the Debtor.  *Id.* ¶ 11.  He argues that the objection to confirmation should not be considered to be an informal proof of claim because the

creditor was aware of the need to file a claim and never intended the objection to be an informal

proof of claim. *Id.* ¶ 17.  On February 19, 2015, Debtors filed opposition to the motion, in which

they make similar arguments to those made by the chapter 13 trustee.  D's Opp., ECF No.  31.

### Discussion

In its motion to allow its late filed claim, Ocwen makes two main arguments: 1) that its

objection to confirmation should be considered an informal proof of claim; 2) that its late claim

be allowed pursuant to the test set forth in *Pioneer Investment Services. Co. v. Brunswick*

*Associates Limited Partnership*, 507 U.S. 380 (1993). The Court will consider whether to permit

Ocwen's late filed claim first, since the history of disallowing late claims in chapter 13 bears on

whether to allow Ocwen's objection to confirmation as an informal proof of claim.

**Late claims are not allowed in chapter 13**

Ocwen's argument that its late filed claim should be permitted under the doctrine of

excusable neglect as outlined in *Pioneer* is misplaced.  *See Aboody v. United States (In re*

*Aboody)*, 223 B.R. 36, 38 (B.A.P. 1st Cir. 1998) (holding that the excusable neglect standard for

allowing untimely proofs of claim does not apply in chapter 13 cases). Claims filed in chapter 13

cases are governed by Bankruptcy Rule 3002(c), which states that "a proof of claim is timely

filed if it is filed not later than 90 days after the first date set for the meeting of creditors called

under §341(a) of the Code . . . ."  Fed. R. Bankr. P. 3002(c); *see also In re Daniels*, 466 B.R.

214, 217 (Bankr. S.D.N.Y. 2011) (stating that Rule 3002(c) sets the standard for proofs of claim

in chapter 13 cases).  Rule 3002(c) goes on to provide six exceptions to the 90 day deadline,

excusable neglect is not one of them.  *Id.*  Bankruptcy Rule 9006(b)(3) states: "[t]he court may

enlarge the time for taking action under Rule[] . . . 3002(c) . . . only to the extent and under the

conditions stated in th[at] rule[]."  Fed. R. Bankr. P. 9006(b)(3).  There is no excusable neglect

basis for enlarging the claims bar date included in Rule 3002(c).  Accordingly, the excusable

neglect standard found in Rule 9006(b)(1) does not authorize extensions of the claims deadline

imposed in chapter 13 cases.  *In re Oscar*, 2005 WL 6522763 (Bankr. E.D. Pa. Apr. 14, 2005).

"[S]ince 1994, the courts have almost uniformly ruled that proofs of claim that are

untimely filed in a Chapter 13 case may not be deemed timely filed, and that the claimants

thereunder should not take from, or be permitted to recover from, the debtor's estate under the

Chapter 13 plan." *Daniels*, 466 B.R. at 217 (listing examples).  This Court has consistently held

that late claims are not permitted in chapter 13 cases. *In re Dumain*, 492 B.R. 140, 148 (Bankr.

S.D.N.Y. 2013) (holding that secured creditors must comply with the bar date imposed by

Bankruptcy Rule 3002(c)).

As such, the Court will not allow Ocwen's late claim.

**The test for allowing informal proofs of claim should take into account the facts of the case**

The doctrine of informal proof of claim derives from the Second Circuit's holding that "it

is not essential that a document be styled a 'proof of claim,' or that it be filed in the form of a

claim, if it fulfills the purposes for which the filing of proof is required." *In re Lipman*, 65 F.2d

366, 368 (2d Cir. 1933); *Dumain*, 492 B.R. at 149 (citing *Lipman*).  The party seeking to use the

informal proof of claim doctrine bears the burden of proof.  *Dumain*, 492 B.R. at 149.  While the

Second Circuit has not provided a specific test, bankruptcy courts in this Circuit generally follow

the following four-part test:  To be an informal proof of claim, a document "must have been 1)

timely filed with the bankruptcy court and become part of the judicial record; 2) state the

existence and the nature of the debt; 3) state the amount of the claim against the estate; and 4)

evidence the creditor's intent to hold the debtor liable with the debt." *Dumain*, 492 B.R. at 149;

*accord In re St. James Mech., Inc.*, 434 B.R. 54, 63 (Bankr. E.D.N.Y. 2010); *In re Enron*

*Creditors Recovery Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007); *Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1995).

Ocwen's objection to confirmation was timely filed; states the nature of the debt to be "pre-petition mortgage arrears;" states the total amount of mortgage arrears as $63,806.90; and states that it intends to hold the debtor liable by indicating that a claim will be filed for this amount and objecting to the plan. Obj. ¶¶ 2, 4. Thus, it presumably meets the requirements necessary to be considered an informal proof of claim under the current test used by bankruptcy courts in this Circuit. *See In re Benedict*, 65 B.R. 95, 96 (Bankr. N.D.N.Y. 1986) ("[C]ertainly [Creditor]'s timely filing of the objection to Debtors' Plan sufficiently established 'the creditor's intention to hold the estate liable' for a claimed obligation. Once filed, the informal writing is susceptible to amendment after the expiration of the deadline for filing proofs of claim, so as to bring it into conformity with the required formalities of FRBP 3001.") (internal citations omitted).

However, a number of Courts of Appeals that have considered the informal proof of claim doctrine have added a fifth prong to the test: "[W]hether, given the particular surrounding facts of the case, it would be equitable to treat the document as a proof of claim." *Am. Classic Voyages Co. v. Official Comm. (In re Am. Classic Voyages Co.)*, 405 F.3d 127, 130-131 (3d Cir. 2005); *see also Barlow v. M.J. Waterman & Assoc's., Inc. (In re M.J. Waterman & Assoc's., Inc.)*, 227 F.3d 604, 610 (6th Cir. 2000) ("[W]e turn next to the fifth and arguably most critical element of the analysis-whether allowance of the informal proof of claim would be equitable under the circumstances."); *Nikoloutsos v. Nikoloutsos (In re Nikoloutsos)*, 199 F.3d 233, 236 (5th Cir. 2000) ("[T]o qualify as an informal proof of claim: (1) the claim must be in writing; (2) the writing must contain a demand by the creditor on the debtor's estate; (3) the writing must

evidence an intent to hold the debtor liable for such debt; (4) the writing must be filed with the

bankruptcy court; and (5) based upon the facts of the case, allowance of the claim must be

equitable under the circumstances."); *Clark v. Valley Fed. Sav. & Loan, Ass'n (In re Reliance

Equities, Inc.)*,966 F.2d 1338, 1345 (10th Cir. 1992) ("[W]ith respect to informal proofs of

claim: 1. the proof of claim must be in writing; 2. the writing must contain a demand by the

creditor on the debtor's estate; 3. the writing must express an intent to hold the debtor liable for

the debt; 4. the proof of claim must be filed with the Bankruptcy Court; and 5. based on the facts

of the case, it would be equitable to allow the amendment.).'

When analyzing the facts of a case under the fifth prong, courts consider whether the

claimant is sophisticated; whether the claimant had actual notice of the bar date; and whether the

claimant was intimately involved in the debtor's case.  *In re Han-Hsien Tuan*, 2013 WL

5719505, at *5 (D.N.J. Oct. 21, 2013). Courts considering this prong are less likely to employ

the informal proof of claim doctrine where the creditor is represented by counsel as "[a]ttorneys

practicing in bankruptcy court are with a general knowledge of the Federal Rules of Bankruptcy

Procedure." *Id.*  Courts are also less likely to employ the doctrine if permitting the late claim

would significantly affect the payout to creditors with timely filed claims.  *Id.*

Adding this fifth prong adheres more closely to the doctrine's original roots, which was

to allow a defective claim that did not meet all of the formalities required to be a proof of claim

and was not meant to legitimize what would otherwise be considered sloppy legal practice. *In re

Fink*, 366 B.R. 870, 877 (Bankr. N.D. Ind. 2007) ("Properly confined, the informal claim

doctrine can be applied liberally in order to honor the substance of the creditor's actions—the

genuine attempt at filing a proof of claim—rather than allowing technical details of form to

thwart the effort."); *see also Am Classic*, 405 F.3d at 132 ("The distinction between formal and

informal proofs of claim refers only, as the terms suggest, to their form, not their substance.").

"The court should not begin with a filing that was consciously designed to serve one purpose and

then find within that document a different purpose altogether, thereby legitimizing an otherwise

untimely claim." *Fink*, 366 B.R. at 877.  Adding this prong also makes sense in light of the fact

that late claims are not permitted in chapter 13 cases. *See Am. Classic*, 405 F.3d at 131 ("The

modern formulation of the . . . test . . . reflects significant changes in the administration of

bankruptcy over the last nine decades. Not only are modern bankruptcy courts themselves

creatures of intervening statutes, but also, bankruptcy proceedings today . . . are of a scale and

complexity unforeseen in 1915. Bankruptcy proceedings are now governed by elaborate rules of

procedure designed to make that scale and complexity manageable.").

When analyzing Ocwen's objection to confirmation under the fifth prong, it becomes

clear that the objection to confirmation should not be considered an informal proof of claim.

Ocwen is a sophisticated creditor that routinely appears in bankruptcy court and is well aware of

the need to file a timely proof of claim—as it does so in hundreds, if not thousands of cases each

year. Ocwen had actual knowledge of the claims bar date.  In its objection to confirmation,

Ocwen states: "Creditor is in the process of preparing a Proof of Claim to be timely filed with the

Court by the Bar Date of December 30, 2014."  Obj, ¶ 4.  Ocwen was intimately involved in the

case and familiar with all deadlines; it filed an objection to confirmation and a notice of

appearance in the case. *Id.*; Ntc. Appearance, ECF No. 13.  Ocwen was represented by counsel

that regularly practices in bankruptcy court.  *Fink*, 366 B.R. at 877 ("Attorneys, particularly

experienced bankruptcy practitioners, are expected to know the difference between motions and

objections and adversary proceedings and claims, and they are expected to file the appropriate

thing at the appropriate time.").  Allowing this claim would significantly affect the payout to

creditors as this claim is worth more than the Debtor will pay over the life of the current plan.

*See* Plan, ECF No. 9.  If this claim were allowed, unsecured creditors will not receive any

distribution and the reorganization of Debtors' finances may not be possible.

In coming to this conclusion, the Court notes that Ocwen is not prejudiced by this holding

as secured creditors may look to their lien for satisfaction of their debt. *Dumain*, 492 B.R. at

143. ("It is a well-established principle of bankruptcy law that liens pass through bankruptcy

proceedings unaffected.  Therefore, [a secured creditor] has the option to look to its lien for

satisfaction as the sole means of satisfying the debt.  To be entitled to distributions from the

chapter 13 plan, [a secured creditor] needs an allowed claim.").

**Ocwen cannot amend the claim filed by Debtors on its behalf**

Although Ocwen does not explicitly argue that it should be permitted to amend the claim

that the Debtors filed on its behalf, the Court will address this possibility because the chapter 13

trustee raised the issue in his opposition.  Bankruptcy Rule 3004 states that "[i]f a creditor does

not timely file a proof of claim . . . , the debtor . . . may file a proof of claim within 30 days after

the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is

applicable."  Fed. R. Bankr. P. 3004.  The Advisory Committee Note to the 2005 amendment to

Rule 3004 states:

> Providing the debtor and the trustee with the opportunity to file a claim ensures
> that the claim will participate in any distribution in the case. This is particularly
> important for claims that are nondischargeable.
> \*\*\*
> Since the debtor and trustee cannot file a proof of claim until after the creditor's
> time to file has expired, the rule no longer permits the creditor to file a proof of
> claim that will supersede the claim filed by the debtor or trustee. *The rule leaves
> to the courts the issue of whether to permit subsequent amendment of such proof
> of claim.*

*See In re Sacko*, 394 B.R. 90, 96 (Bankr. E.D. Pa. 2008) (emphasis added) (permitting creditor to

amend claim filed by debtor on its behalf where creditor acts promptly and where debtor is not

prejudiced).

Here, Ocwen filed its late proof of claim six days after the Debtors.  Despite this,

allowance of this claim will greatly prejudice the Debtors and jeopardize their reorganization. As

such, the Court declines to allow amendment of the Debtors' claim.

### Conclusion

For the foregoing reasons, the Court denies Ocwen's motion to allow in its entirety. The

chapter 13 trustee shall submit an order consistent with this Memorandum Decision.

Dated: Poughkeepsie, New York
     March 2, 2015          /s/ Cecelia G. Morris
                           CECELIA G. MORRIS
                           CHIEF UNITED STATES BANKRUPTCY JUDGE